**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| | ) | |
| **POWER THE FUTURE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 24-cv-02821 (APM)** |
| | ) | |
| **DEPARTMENT OF STATE,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

## ORDER TO SHOW CAUSE

On August 5, 2022, Plaintiff Power the Future filed a second amended complaint alleging a pattern and practice violation under FOIA against the United States Department of State (State Department) only.  Second Am. Compl., ECF No. 16.  Plaintiff's claim rests on a host of practices it alleges are purposefully engineered to unlawfully delay production of responsive records.  But the practices, with a few exceptions, are attributable to litigation decisions made by the agency's counsel, the Department of Justice through the U.S. Attorney's Office.

For instance, Plaintiff alleges that the State Department routinely requests 30-day extensions to respond to Plaintiff's FOIA Complaints, relying on the same "good cause" that an attorney has just been assigned to the matter.  *Id.* ¶¶ 17, 19.  Plaintiff also states that the agency's practice is to "wait until mere days or even a single day before a Joint Status Report ("JSR") is due to disclose its position to Plaintiff's counsel."  *Id.* ¶¶ 21–22.  And finally, Plaintiff alleges that the State Department's "motions practice" is to "seek[] to stay and then consolidate plainly unrelated matters."  *Id.* ¶ 45 n.6.  These practices, however, are litigation decisions for which the U.S. Attorney's Office, not the agency, is responsible.

Plaintiff does attribute at least some practices to the State Department. For instance, Plaintiff notes that the State Department "without actual consideration" and "without conducting individualized analysis" of the FOIA request declares "unusual circumstances" to extend the time by which it must respond with a determination. *Id.* ¶¶ 10–11. It does not provide a determination "even after 90 days." *Id.* ¶ 20. And it alleges that the State Department will not "process any of its requests in litigation unless Plaintiff 'agrees' to an unlawful and dilatory processing schedule." *Id.* ¶ 28. While these practices may be attributable to the State Department, the court does not see how the rest of the practices grieved are not case management decisions made by the U.S. Attorney's Office.

Plaintiff seeks relief from both the State Department and "all individuals acting on behalf of State." *Id.* at 28. It seeks declarations that the State Department has violated FOIA by "engaging in a pattern and practice of unlawful delay and constructive denial of Plaintiff's FOIA requests" and that Plaintiff is entitled to "prompt access to documents under FOIA." *Id.* Plaintiff also asks the court to order the State Department to "timely provide a 'determination'" regarding its FOIA requests, "promptly assign attorneys" to FOIA litigation, process records at its "actual processing capacity," and "impos[e] accelerated remedial processing schedules." *Id.* at 28–29. Plaintiff further requests that the court enjoin the State Department "and all individuals acting on [its] behalf" from further delay. *Id.* at 28.

It would appear that the court cannot grant the full relief Plaintiff seeks without joining the Department of Justice or the U.S. Attorney's Office as an indispensable party. *See* Fed. R. Civ. P. 19. "A person is an indispensable party under FRCP 19(a)(1) where complete relief cannot be accorded in that person's absence." *Saratoga Dev. Corp. v. United States*, 777 F. Supp. 29, 33 (D.D.C. 1991), *aff'd,* 21 F.3d 445 (D.C. Cir. 1994).

2

It is hereby ordered that Plaintiff shall show cause in writing on or before August 17, 2026, why this matter shall not be dismissed for failure to join an indispensable party. *See Republic of Philippines v. Pimentel*, 553 U.S. 851, 861 (a court may "consider *sua sponte* the absence of a required person and dismiss for failure to join"). Alternatively, Plaintiff may narrow its claim to the policies and practices for which only the State Department is responsible. If that is how Plaintiff wishes to proceed, it shall specify those acts on which its narrowed claim rests and identify the corresponding complaint paragraphs, so that the court can assess their sufficiency.

Dated: August 6, 2026

Amit P. Mehta
United States District Judge

3